**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE FIDELITY INVESTMENTS DATA BREACH LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES | Lead Case No: 1:24-CV-12601-LTS |

**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiffs in the above-captioned cases hereby respectfully submit this supplemental memorandum in further support of Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (ECF No. 72) and Plaintiffs' Unopposed Motion for Attorneys' Fees, Expenses, and Service Award (ECF No. 69).[1] Through this supplemental memorandum, Plaintiffs provide the Court with updated information in advance of the Final Approval Hearing scheduled for July 9, 2026, at 2:00 p.m. (ET).

The deadline for Settlement Class Members to object or opt-out of the proposed Settlement passed on June 26, 2026. Plaintiff reports that out of approximately 152,000 Settlement Class Members only one Settlement Class Member objected to the Settlement,[2] and only eleven (11) individuals elected to opt-out of the Settlement Class. *See* Supplemental Declaration of Christopher Leung ("Admin. Decl."), **Exhibit 1** thereto, at ¶¶ 6-9.

---

[1] Unless otherwise stated, all capitalized terms shall have the definitions set forth in the Settlement Agreement (ECF No. 61-1). Citations to the Settlement Agreement will be abbreviated as "SA ¶ ___."

[2] An objection was also filed by a non-Settlement Class Member, Samuel Goldstone. ECF No. 76. Because Mr. Goldstone is not a Settlement Class Member, he does not have standing to object to the Settlement. *See* ECF Nos. 80, 81.

The extremely low number of objections and opt-outs are indicia of the fairness of both the Settlement and the requested fees, expenses, and service awards to Plaintiffs. *See, e.g.*, *Hanlon v. Chrysler*, 150 F.3d 1011, 1027 (9th Cir. 1998) ("[T]he fact that the overwhelming majority of the class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness."); *Massiah v. MetroPlus Health Plan, Inc.*, 2012 WL 5874655, at *4 (E.D.N.Y. Nov. 20, 2012) ("The fact that the vast majority of class members neither objected nor opted out is a strong indication of fairness."); *Luevano v. Campbell*, 93 F.R.D. 68, 91 (D.D.C. 1981) ("The fact that only one-sixth of one percent of the class has chosen to object to the settlement is an important indication of its fairness and adequacy."); *Van Lith v. iHeartMedia + Entm't, Inc.*, No. 1:16-cv-00066-SKO, 2017 WL 4340337, at *14 (E.D. Cal. Sept. 29, 2017) ("Indeed, it is established that the absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class action settlement are favorable to the class members.").

In contrast to the low number of opt-outs and only one objection, ***22,901*** Settlement Class Members submitted valid claims as of June 30, 2026. *See* Admin Decl. at ¶¶ 4-5. This amounts to a claims rate of approximately 15% of Settlement Class Members, which far exceeds the claims rates commonly seen in other data breach class action settlements nationwide. *See, e.g., In re Wawa, Inc. Data Sec. Litig.*, No. CV 19-6019, 2024 WL 1557366, at *17 (E.D. Pa. Apr. 9, 2024), *aff'd,* 141 F.4th 456 (3d Cir. 2025) (2.56% claims rate "actually compares favorably to the claims rates in other data breach class actions"); *In re Forefront Data Breach Litig.,* No. 21-cv887, 2023 WL 6215366, at * 4 (E.D. Wis. Mar. 22, 2023) (finding that the class favored the settlement where 137 of the 2.4 million class members opted out of the settlement, one class member objected, and the claims rate was 1.46%.); *Carter v. Vivendi Ticketing US LLC*, No. SACV2201981CJCDFMX,

2023 WL 8153712, at *9 (C.D. Cal. Oct. 30, 2023) (C.D. Cal. Oct. 30, 2023) (1.6% claims rate "is in line with claims rates in other data breach class action settlements" and collecting cases with claims rates between 0.83% and "about two percent"); *In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 321 (N.D. Cal. 2018) (1.8% claims rate reflects a positive reaction by the class). The objectively high number of Settlement Class Members seeking to participate in the Settlement further supports the favorability and fairness of the Settlement as well as the requested fees, expenses, and service award to Plaintiffs.

Based on the foregoing, Plaintiffs respectfully request that the Court grant final approval to the Settlement, award Class Counsel attorneys' fees and expenses, and approve the service awards to Plaintiffs, in the amounts requested. An updated proposed Order, reflecting the opt-outs, is attached hereto.

Dated: July 7, 2026

Respectfully submitted,

*<u>/s/ A. Brooke Murphy</u>*
A. Brooke Murphy (*pro hac vice*)
**MURPHY LAW FIRM**
4116 Will Rogers Pkwy, Suite 700
Oklahoma City, OK 73108
Telephone: (405) 389-4989
abm@murphylegalfirm.com

*<u>/s/ Lori G. Feldman</u>*
Lori G. Feldman (*pro hac vice*)
**HECHT PARTNERS LLP**
125 Park Avenue, 25th Floor
New York, New York 10117
Telephone: (917) 983-9321
lfeldman@hechtpartners.com

*Settlement Class Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2026, this document, filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ A. Brooke Murphy*
A. Brooke Murphy